**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gaetanino POLSELLI,
Defendant-Appellant.**

No. 83–1218.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 21, 1984.

Decided Oct. 22, 1984.

Certiorari Denied Jan. 21, 1985.
See 105 S.Ct. 979.

John E. Tate, Dayton, Ohio (Court-appointed), for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Martha Ellen Dennis (argued), Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before MARTIN, JONES, and CONTIE, Circuit Judges.

PER CURIAM.

Gaetanino Polselli appeals from the dismissal of his motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District judge dismissed his motion on March 2, 1983 without an evidentiary hearing. Polselli requests this Court to remand the

motion for an evidentiary hearing or in the alternative grant his motion to vacate.

Polselli pled guilty in February, 1982 to one count of mail fraud, in violation of 18 U.S.C. § 1341, and one count of use of an assumed name, in violation of 18 U.S.C. § 1342. Polselli's plea was the result of a plea agreement in which Polselli agreed to plead guilty to these two charges if the government dropped all charges against Polselli's wife, dropped all other charges against Polselli, and agreed to make Polselli eligible for parole under 18 U.S.C. § 4205(b)(2). The judge sentenced Polselli on March 18, 1982, to two years in jail, the maximum under the plea agreement, and fined him $2,000.00.

In sentencing Polselli, the district judge relied on several documents, including a sentencing memorandum prepared by the government and a presentencing report prepared by probation officers. The sentencing memorandum claimed that although the indictment stated that Polselli had defrauded his victims of only $66,000, the actual amount was closer to $238,000. This estimate was repeated in the government's version of the facts that was included in the presentencing report.

In June, 1982, the parole board reviewed Polselli's case and concluded that Polselli would have to serve his full two-year sentence. Using the government's $238,000 estimate for the crime, the parole board found that Polselli's crime was of "very high severity," which made the minimum time that he must serve for his sentence twenty-four months.

In November, 1982, Polselli filed his first motion pursuant to section 2255. This motion was dismissed by the district judge without prejudice, and Polselli filed the present motion on January 19, 1983. The district judge dismissed this motion on March 2, 1983, without holding an evidentiary hearing.

In this appeal, Polselli raises two major arguments. First, he claims that he was denied effective assistance of counsel in violation of the sixth amendment because his counsel falsely guaranteed him parole

and because his counsel failed to object to the government's claim that he had defrauded his victims of $238,000. Polselli claims that this ineffective assistance of counsel is an adequate ground to vacate his sentence or, in the least, is an allegation that merits an evidentiary hearing. Second, Polselli asserts that he is entitled to an evidentiary hearing on whether the district judge wrongfully relied on the $238,000 figure in sentencing him.

■ With respect to Polselli's ineffective assistance of counsel claim, this Court cannot consider Polselli's claim that his counsel guaranteed early parole because it was not properly raised at the district court. *Caldwell v. United States*, 651 F.2d 429, 434 (6th Cir.), *cert. denied*, 454 U.S. 904, 102 S.Ct. 412, 70 L.Ed.2d 222 (1981). Polselli's motion to vacate his sentence only claims that his counsel was ineffective because he failed to object to the $238,000 government estimate. No mention is made of ineffective assistance of counsel with regard to parole advice. Although Polselli's brief in support of his motion does state that his counsel suggested that he would be paroled within six to seven months, the statement is not related to an effective counsel claim. In his brief, the only discussion of ineffectiveness of counsel is in relation to his counsel's failure to object to the government's estimate of fraud. Even though Polselli's pro se motion should be read liberally, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), his motion was not clear enough to make the district court aware that a claim was being made. It is therefore not surprising that no evidentiary hearing was held on this issue.

■ This Court can, however, consider Polselli's claim that his counsel failed to object to the government's $238,000 estimate of fraud in its sentencing memorandum and in the presentencing report. Polselli argues that his counsel had a duty to object to this estimate so that the trial judge would not sentence him based on false information. The flaw in Polselli's argument is that his counsel did object to

the government's use of the $238,000 figure. Plaintiff's counsel wrote a lengthy letter to the trial judge in which he stated the government's estimate was "grossly inaccurate" and that the true damage was closer to $65,000. This figure was also reflected in the defendant's version of the facts in the presentencing report. His attorney again raised this complaint in his Motion for Reconsideration of Motion for Reduction of Sentence, in which Polselli's counsel stated that he and Polselli were gathering information to show that the government's estimate of Polselli's fraudulent conduct was excessive. An evidentiary hearing is not required under section 2255 if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. It is clear from the records of this case that Polselli's counsel did not object to the government's figure, so a hearing on this issue was unnecessary.

Polselli next argues that he is entitled to an evidentiary hearing to determine whether the government misstated the amount of fraud that Polselli had committed. Polselli claims that this misstatement led the district judge to impose a longer sentence than he would have received if the district court was aware of the true extent of his fraud.

 The $238,000 government estimate is not a justification for a new sentence just because it would have been inadmissible at trial. Many forms of evidence that are inadmissible at trial, such as hearsay, are admissible at the sentencing stage. *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Yet at some point, evidence used at the sentencing phase can be so misleading that it is a denial of due process for the district judge to rely on it. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 740–41, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948). To demonstrate that the use of misinformation violated due process the defendant must show that the evidence was materially false and that the trial judge relied upon it. *Collins v. Buckhoe*, 493 F.2d 343 (6th Cir.1974).

In this case, the question whether the government's information was materially false would have to be determined at an evidentiary hearing because the record does not present enough evidence on that question. The question of whether the district judge relied on the government's information, however, can be decided without an evidentiary hearing. The district judge stated in sentencing Polselli that he had considered his counsel's letter, the presentencing report, as well as the government's sentencing memorandum. By considering all of these documents, the district judge was able to compare the government's valuation of $238,000 with Polselli's valuation of $65,000. Thus, the district judge did not rely on only one source of information but was able to compare the two estimates.

Moreover, in ruling on the Polselli's motion to dismiss, the district judge held that he had not relied on any inaccurate information. The trial judge's recollection of the trial can certainly be used in ruling on a motion to vacate. *See Machibroda v. United States*, 368 U.S. 487, 494–95, 82 S.Ct. 510, 513–14, 7 L.Ed.2d 473 (1962); *Friedman v. United States*, 588 F.2d 1010, 1015 n. 7 (5th Cir.1979).

The judgment of the district court is therefore affirmed.