770 F.2d 165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RALPH GHOLSTON, PETITIONER-APPELLANT,
v.
UNITED STATES OF AMERICA, RESPONDENT-APPELLEE.
 NO. 84-3691
 United States Court of Appeals, Sixth Circuit.
 7/19/85
 
 S.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: CONTIE, WELLFORD and MILBURN, Circuit Judges.
 
 
 1
 Petitioner appeals the denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence. The appeal has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner alleged in his motion to vacate sentence that he was deprived of due process and equal protection by the discriminatory selection of the grand jury foreman, his statutory speedy trial rights were violated, and his counsel was ineffective. On appeal, petitioner argues that his indictment should have been dismissed under Rose v. Mitchell, 443 U.S. 545 (1979), for discrimination in the grand jury foreman's selection, and the district court should have conducted a hearing on his motion. Since petitioner has abandoned the speedy trial and ineffective counsel issues on appeal, they will not be considered by this Court. See Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321 (6th Cir.), cert. denied, 389 U.S. 975 (1967).
 
 
 3
 We find that the district court correctly denied petitioner's motion on the issue of discriminatory selection of the grand jury foreman. Petitioner waived this issue by his failure to raise it prior to trial as required by Rule 12 of the Federal Rules of Criminal Procedure. See Davis v. United States, 411 U.S. 233 (1973). Petitioner has not demonstrated cause for his failure to raise this issue prior to trial or actual prejudice. See Davis v. United States, supra. Since it is clear from the record in this case that petitioner was not entitled to relief on this issue, no evidentiary hearing was required. United States v. Polselli, 747 F.2d 356 (6th Cir. 1984), cert. denied, ---- U.S. ----, 105 S.Ct. 979 (1985).
 
 
 4
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).