805 F.2d 1037
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Robert MILLER, Defendant-Appellant.
 No. 85-5890.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1986.
 
 1
 Before NELSON and RYAN, Circuit Judges, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 The appellant, Gregory Robert Miller, is appealing the September 23, 1985, order of the district court denying his motion for reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure. Both sides have filed briefs.
 
 
 3
 On March 20, 1985, the appellant pled guilty to a robbery of a savings and loan association, a violation of 18 U.S.C. Sec. 2113(a). On March 22, 1985, the appellant was sentenced to 20 years' imprisonment. The district court judge further ordered that he make restitution to the savings and loan association not to exceed the amount of $1,705.00 as a special condition of parole pursuant to 18 U.S.C. Sec. 3579. There was also a mandatory assessment of $50.00 pursuant to 18 U.S.C. Sec. 3013.
 
 
 4
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 5
 The appellant filed a timely motion for reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure stating that he is needed to support his family, he cooperated with the government after his arrest, and he has acknowledged his need for rehabilitation. The United States filed a response opposing the motion stating that the appellant was not meaningfully employed at the time of the bank robbery and that the appellant cooperated only after learning the extent of the evidence against him. The appellant filed a rebuttal stating that he worked as a seasonal landscape architect. He further stated that he was not on parole at the time of this offense, but he had an outstanding charge against him pending in Kenton Circuit Court to which he later entered an Alford Plea. The district court judge found that nothing was called to the court's attention which was not considered at the time of sentencing and denied the motion.
 
 
 6
 The appellant raises the following issues on appeal:
 
 
 7
 1) The district court relied on misleading information when sentencing the appellant and ruling on his Rule 35 motion;
 
 
 8
 2) The district court's order of restitution is invalid.
 
 
 9
 The issues raised by the appellant were not raised in the district court and are not properly before this Court. Boals v. Gray, 775 F.2d 686, 691 (6th Cir.1985); United States v. Polselli, 747 F.2d 356, 358 (6th Cir.1984), cert. denied, 105 S.Ct. 979 (1985).
 
 
 10
 The appellant alleges that the order of restitution is invalid. While 18 U.S.C. Sec. 3579(e)(1) provides that the district court shall not impose restitution with respect to a loss for which the victim has received or is to receive compensation, this issue was also not presented to the district court. The appellant can raise this issue in district court by filing a Rule 35 motion or a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. Sec. 2255.
 
 
 11
 The standard for review of a Rule 35 motion is whether the district court abused its discretion. United States v. Brummett, 786 F.2d 720, 722-23 (6th Cir.1986); United States v. Jones, 533 F.2d 1387, 1394 (6th Cir.1976), cert. denied, 431 U.S. 964 (1977). There was no abuse of discretion in the instant case. We therefore affirm the decision of the district court.
 
 
 12
 Accordingly, it is ORDERED that the judgment of the district court is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation