815 F.2d 80
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco GARNICA, Defendant-Appellant.
 No. 86-1634.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1987.
 
 Before KENNEDY, JONES and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion, informal brief and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se petitioner moves the Court for the appointment of counsel in his appeal from a district court order denying his motion for correction of sentence and motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255.
 
 
 3
 The district court correctly decided to deny petitioner's claims essentially as frivolous. Although the district court admittedly violated Rule 11 of the Federal Rules of Criminal Procedure, petitioner's guilty plea is not subject to collateral attack on this basis. See United States v. Timmreck, 441 U.S. 780 (1979). Moreover, petitioner signed a written statement explaining the Rule 11 special parole term which he admitted signing and professed to understand in open court. This attack by petitioner on his guilty plea is without merit. Baker v. United States, 781 F.2d 85 (6th Cir.1986).
 
 
 4
 Petitioner's second claim that he is not a member of the class for whom 21 U.S.C. Sec. 841(a)(1) is applicable is equally without merit. United States v. Moore, 423 U.S. 122 (1975).
 
 
 5
 The third claim, that the sentence imposed exceeds the statutory maximum for first time offenders is also without merit. In his motion for reconsideration, petitioner cites and relies on 21 U.S.C. Sec. 844, which applies only to simple possession of controlled substances. As previously noted, petitioner was charged with and plead guilty to possession of heroin with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). At the time petitioner committed the offense, this statute authorized a maximum of fifteen years imprisonment for those who had not been convicted of a similar offense. Petitioner's ten year sentence is, therefore, legally authorized by the statute.
 
 
 6
 The fourth and final claim of ineffective assistance of counsel should not be addressed by this Court since the issue was not raised in the district court. United States v. Polselli, 747 F.2d 356 (6th Cir.1984), cert. denied, 469 U.S. 1196 (1985).
 
 
 7
 For these reasons, the petitioner's motion for counsel is hereby denied and the judgment of the district court is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.