861 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Reese HOPKINS, Defendant-Appellant.
 Nos. 88-1138, 88-1139.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1988.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and THOMAS A. BALLANTINE,* Jr., District Judge.
 PER CURIAM.
 
 
 1
 Hopkins appeals his conviction by jury verdict and sentence on charges of possession with intent to distribute cocaine, 21 U.S.C. Sec. 841(a)(1), and use of a firearm in a felony drug offense, 18 U.S.C. Sec. 924(c), entered in the United States District Court for the Eastern District of Michigan. On appeal, Hopkins argues that he was denied effective assistance of counsel during the prosecution of his case and that the district court incorrectly denied his motion to suppress evidence seized from his residence by police officers without a warrant.
 
 
 2
 On April 29, 1987, Tommy Maclin, then 17 years old, was acting as a door guard at Hopkins's residence in Flint, Michigan. Flint police officers Kroger, Green and Lock, in response to complaints of drug activity at Hopkins's residence, were on surveillance near the house. The officers observed Maclin standing in the open doorway to the house, talking to a young girl sitting in a car in front of the house. The girl approached the house, and the officers, motivated by fear for her safety, followed her to the front door.
 
 
 3
 The officers arrived on the front porch at the same time as the young girl, and Kroger identified himself as a police officer. From the front porch and through the open doorway, Kroger saw Hopkins, razor blade in hand, bent over the dining room table and a plate containing a chunky white substance. Kroger also saw drug paraphernalia and a pistol on the table. Hopkins knew Kroger from prior arrests, and upon seeing him on the porch Hopkins jumped up and swore. Meanwhile, officer Green observed, through the open doorway, a pistol on a sofa. The officers then entered the house, seized the guns and drugs, and arrested Hopkins. The drugs were later used as evidence at Hopkins's trial. However, the guns were lost before trial and the prosecution presented a police identification technician to identify a receipt that she had signed when she had accepted the guns for placement in a holding cage.
 
 
 4
 Shortly after Hopkins was indicted, attorney Grossman was appointed as counsel. Grossman filed a motion to suppress the guns and drugs seized, and a hearing was held. The motion was denied. Attorney Grossman was allowed to withdraw, and attorney Bremer was appointed to replace him. After an adjournment to allow Bremer adequate preparation time, Hopkins's trial was held and the jury returned verdicts of guilty on both charges.
 
 
 5
 In passing upon the motion to suppress, United States District Judge Stewart A. Newblatt credited fully the testimony of police officer Kroger and Mr. Maclin concerning the motivation of the police officers in following the young girl up to the porch of the house and concerning the place from which they then observed a felony in progress. At this point, the circumstances being clearly exigent, the police officers were fully justified in entering the premises and seizing the evidence whose introduction was challenged. Cf. United States v. Hersh, 464 F.2d 228 (9th Cir.1972), cert. denied, 409 U.S. 1008 (1972). In light of the young age and youthful appearance of the girl involved and the police officers' belief that a drug operation was being conducted out of the residence in question, the district court's finding that the police were motivated by fear for the girl's safety was supported by a preponderance of the evidence and thus was not clearly erroneous. Likewise, the testimony heard supported the court's finding that the officers first observed the guns and drugs from the front porch.
 
 
 6
 Finally, Hopkins argues that he was denied effective assistance of counsel during the prosecution of his case as a result of which the motion to suppress was improperly managed in the district court to his prejudice. Because this claim was not made in the first instance in the district court, it is premature here and we decline to address it upon this record. United States v. Polselli, 747 F.2d 356, 357 (6th Cir.1984), cert. denied, 469 U.S. 1196 (1985); Caldwell v. United States, 651 F.2d 429, 434 (6th Cir.1981), cert. denied, 454 U.S. 904 (1981).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation