934 F.2d 1387
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rebecca DUMAS (90-3111/3605) and Brian K. Reed (90-3130),
Defendants-Appellants.
 Nos. 90-3111, 90-3130 and 90-3605.
 United States Court of Appeals,
Sixth Circuit.
 Submitted on Briefs Sept. 13, 1990.
Decided Dec. 17, 1990.
As Modified April 16, 1991.*
 
 Richard A. Cline, for defendant-appellant Dumas.
 Gary L. Spartis, Bradley D. Barbin, Office of U.S. Atty., Columbus, Ohio, Sean Connelly, Office of Dept. of Justice, Crim. Div., Washington, D.C., for plaintiff-appellee.
 William G. Halgas, Columbus, Ohio, for defendant-appellant Reed.
 Rebecca Dumas, pro se.
 Before KENNEDY and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 KENNEDY, Circuit Judge.
 
 
 1
 In these consolidated appeals, defendants Rebecca Dumas and Brian Reed appeal their sentences imposed following guilty pleas to violations of the federal drug laws. The sentences were imposed in accordance with the Federal Sentencing Guidelines (the Guidelines). Dumas contends that the District Court erred by not properly considering her motion for downward departure based upon substantial assistance. Reed argues that the statute under which he was sentenced, 18 U.S.C. Sec. 924(c), conflicts with other statutory sentencing provisions and unconstitutionally violates his right to due process. For the following reasons, we AFFIRM.
 
 
 2
 On August 17, 1989, Brian Reed and Rebecca Dumas were charged in a multiple count indictment with committing various drug crimes, including conspiracy to distribute crack, distribution of crack, possession of crack, and carrying a firearm during a drug trafficking offense. In addition, Dumas was charged with maintaining a house for the purpose of storing, using, and distributing crack.
 
 
 3
 At their respective arraignments, Reed and Dumas entered not guilty pleas. Subsequently, both entered into plea agreements with the government. On October 27, 1989, Brian Reed entered pleas of guilty to the distribution of crack, in violation of 21 U.S.C. Sec. 841(a)(1), and to carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c). On the same date, Rebecca Dumas entered pleas of guilty to conspiracy to distribute crack, in violation of 21 U.S.C. Sec. 846, and to carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c).
 
 
 4
 Both Reed and Dumas were sentenced by the District Court on February 2, 1990. On behalf of Reed the government filed a motion for downward departure based on substantial assistance, pursuant to 18 U.S.C. Sec. 3553(e) and U.S.S.G. Sec. 5K1.1. The District Court granted the motion to the extent of lowering Reed's offense level from 22 to 13 for the distribution charge. The court sentenced Reed to 12 months on that charge, to run consecutively with 60 months on the firearm charge. Reed was further sentenced to a three year term of supervised release.
 
 
 5
 The government did not file a motion for downward departure for Rebecca Dumas and opposed the motion in this respect filed by counsel for Dumas. The District Court refused to grant Dumas' motion for downward departure and sentenced Dumas to 60 months on the conspiracy count and an additional 60 months on the firearm charge. Dumas was sentenced to a five year term of supervised release.
 
 A. Brian Reed
 
 6
 Brian Reed maintains that the District Court erred by not departing downward on his weapons conviction under 18 U.S.C. Sec. 924(c) pursuant to the government's motion to depart downward for substantial assistance. Section 924(c) provides, in part, that "[w]hoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime ..., be sentenced to imprisonment for five years." Reed argues that the mandatory nature of section 924(c) conflicts with the federal judiciary's discretion to depart from the Federal Sentencing Guidelines, specifically the discretion authorized by U.S.S.G. Sec. 5K1.1, which provides that a sentencing court "may depart from the guidelines" upon motion of the government that the defendant has provided substantial assistance to the government in relation to other criminal activities. We need not consider this contention because the government did not ask the District Court to depart downward on the weapons conviction. Thus it cannot be claimed that the District Court erred in not so departing.
 
 
 7
 Reed also argues that section 924(c) is unconstitutional for a variety of reasons. First, Reed argues that prosecution for violating section 924(c) and for distribution of cocaine results in double jeopardy. The Supreme Court has stated that "[w]here Congress intended ... to impose multiple punishments, imposition of such sentences does not violate the Constitution." Albernaz v. United States, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981). Here it is clear that it was the intent of Congress to add an extra five years for a drug trafficking offense involving a firearm; the sentences imposed here do not implicate the Constitutional protection against double jeopardy. See United States v. Tanner, 888 F.2d 1392 (6th Cir.1989) (unpublished per curiam).
 
 
 8
 Second, Reed argues that his combined sentences of six years constitutes cruel and unusual punishment. This argument is also groundless. Reed relies on Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), wherein the Supreme Court held that sentences should be proportional to the crime for which the defendant was convicted. However, as we recognized in Chandler v. Jones, 813 F.2d 773, 778-79 (6th Cir.1987), proportionality analysis is limited to extreme cases where, as in Solem, a defendant faces life imprisonment without parole, while lesser sentences are controlled by Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). In Rummel, the Court found that the defendant's life sentence, with the possibility of parole after 12 years, imposed after a third non-violent felony conviction, did not constitute cruel and unusual punishment under the eighth amendment. In this case, Reed was convicted of two felonies, one involving the use of a firearm. A sentence of six years does not constitute cruel and unusual punishment.
 
 
 9
 Third, Reed argues that section 924(c) violates due process by depriving the sentencing judge of discretion to impose an individualized sentence. This contention has no merit since "the scope of judicial discretion with respect to a sentence is subject to congressional control." Mistretta v. United States, 488 U.S. 361, 364, 109 S.Ct. 647, 650, 102 L.Ed.2d 714 (1989). Further, Congress can constitutionally eliminate all discretion in sentencing judges by establishing mandatory sentences like that contained in section 924(c). Id. at 364, 109 S.Ct. at 650 ("Congress, of course, has the power to fix the sentence for a federal crime").
 
 
 10
 Lastly, Reed contends that section 924(c) violates the reserved powers clause of the tenth amendment by regulating firearms possession not involving interstate commerce, thereby intruding into an area reserved to the states. Section 924(c) applies only to the use or carrying of a firearm during or in relation to a federal crime. It is a valid measure designed to deter the violence associated with drug trafficking, an activity validly regulated by Congress under the Commerce Clause.
 
 B. Rebecca Dumas
 
 11
 Dumas contends that the District Court erred by refusing to depart downward in the imposition of her sentences. In her Motion for Downward Departure From Sentencing Guidelines, she asserts seven grounds justifying a departure downward. On appeal, however, she only claims entitlement to a downward departure because of her alleged substantial assistance to the government concerning illegal drug activities.
 
 
 12
 The relevant statute is 18 U.S.C. Sec. 3553(e), entitled "Limited authority to impose a sentence below a statutory minimum." That section provides that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission ..." (emphasis added). The Sentencing Guidelines provide in pertinent part that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. Sec. 5K1.1, p.s. (emphasis added).
 
 
 13
 During Dumas' sentencing hearing, the District Court engaged in the following relevant colloquy:
 
 
 14
 THE COURT: [A]s I read the guidelines, only the government can move for a downward departure on the basis of substantial cooperation.
 
 
 15
 [Prosecutor]: Yes, Your Honor.
 
 
 16
 THE COURT: Mr. VanHorn [Dumas' counsel], do you have any law or any authorities that would authorize the Court to make a downward departure on the basis of a motion filed by a defendant?
 
 
 17
 MR. VANHORN: No, Your Honor.... I could certainly not file a motion for downward departure based on substantial assistance.
 
 
 18
 * * * * * *
 
 
 19
 MR. VANHORN: ... Clearly, the government is the only one who can move for a downward departure because of substantial assistance.
 
 
 20
 The District Court then went on to reject Dumas' motion, finding nothing "in the motion that would, in my judgment, legally authorize a departure in this case" since "the circumstances related in the motion are circumstances already taken into consideration by the sentencing commission in formulating the guidelines applicable to this case. I find nothing sufficiently unusual about the facts and circumstances of this case to warrant a downward departure."
 
 
 21
 Dumas now argues that the District Court erred in concluding that it could not depart downward absent a government motion confirming that Dumas had provided substantial assistance. Essentially, Dumas contends that section 5K1.1 should not be read to require a government motion in order to allow downward departures or, alternatively, if section 5K1.1 is read to require a government motion before the court can depart downward for substantial assistance, the provision is unconstitutional. Neither contention has merit. As the Court recently held in United States v. Levy, 904 F.2d 1026, 1035 (6th Cir.1990), "the Guidelines state unambiguously [that] the district court may consider a downward departure pursuant to section 5K1.1 only 'upon motion of the government.' " A due process claim identical to Dumas' was also considered and rejected in Levy, 904 F.2d at 1035-36.
 
 
 22
 Accordingly, for the foregoing reasons, the sentences of Brian Reed and Rebecca Dumas are AFFIRMED.
 
 
 
 *
 This opinion was previously published at 921 F.2d 650 and is republished here as modified on grant of rehearing