935 F.2d 270
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey C. ROBBINS, Petitioner-Appellant,
v.
H.G. WELLS, Respondent-Appellee.
 No. 90-1529.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1991.
 
 Before KEITH and BOGGS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Petitioner Jeffrey C. Robbins ("Robbins") appeals from the district court's March 28, 1990, judgment denying Robbins' petition for writ of habeas corpus. For the reasons set forth below, we AFFIRM the judgment.
 
 I.
 
 2
 On April 25, 1984, Robbins pled guilty to second degree murder, Mich.Comp.Laws Sec. 750.317, pursuant to a plea agreement. Robbins agreed to plead guilty to second degree murder in exchange for the dismissal of a first degree murder charge which was punishable by a mandatory life sentence without parole. The prosecutor agreed, as part of the plea bargain, to recommend a minimum sentence of thirty years in prison and to allow the sentencing court to set the maximum term.
 
 
 3
 At the plea hearing, the sentencing court was informed of the plea agreement. The court explained to Robbins the rights that he would waive if he accepted the plea agreement. Robbins acknowledged that he understood the implications of waiving his rights.
 
 
 4
 The sentencing court then determined that Robbins' plea was voluntary and not the result of threats, pressure or abuse. Robbins described the events surrounding the charged offense. The court then accepted Robbins' guilty plea.
 
 
 5
 On June 19, 1984, the court sentenced Robbins to a term of imprisonment of thirty to sixty years. At the sentencing hearing the court stated the following:
 
 
 6
 In passing sentence, I will share for the sake of the Defendant as well as persons who care about him some additional observations. I do frankly think that Mr. VanOosterum has worked out a plea agreement that is appropriate. And I think it would have been easy to argue based on some of the examples that I've just described, by the use of a rope and a knife and a theft, to have gone for something higher than thirty years. But I also think that Attorney Dongvillo, who is conscientious and very perceptive, has managed to communicate to the Prosecutor that thirty years would be preferable to life because there's some--something in the Defendant that is causing him to turn himself around and start to work with his dilemma instead of trying to escape from it.
 
 
 7
 It's my determination that the thirty years is appropriate. I would have to say that the sentencing does not end today. That when you get into the prison system, if you continue to exhibit the sense of accountability and the sense of wanting to make the best of a bad situation, there is some flexibility in the prison system. But [it is] probably going to take, my guess would be probably a good ten, twelve years before you become eligible for some kind of--some kind of break, so to speak. And so you haven't totally lost the hope that Attorney Dongvillo is asking for.
 
 
 8
 But again, in conclusion, it is my determination that the presentence report and the--I should say the Prosecutor's agreement is a fair agreement and so I do impose the thirty years as the maximum minimum.
 
 
 9
 Joint Appendix at 52-53 (Sentencing Hearing Jun. 19, 1984).
 
 
 10
 Robbins filed post-conviction motions for resentencing and to withdraw his guilty plea which the trial court denied. On November 8, 1985, Robbins filed with the Michigan Court of Appeals an application for delayed appeal. The Michigan Court of Appeals granted Robbins' application on January 17, 1986. On September 19, 1986, the state appellate court affirmed Robbins' conviction and sentence. On October 10, 1986, Robbins filed an application for leave to appeal to the Michigan Supreme Court. The application was denied on January 26, 1987.
 
 
 11
 Robbins filed a petition for writ of habeas corpus on May 15, 1989. This matter was referred to a magistrate who recommended that the petition for habeas relief be denied. On April 2, 1990, the district court issued an opinion and judgment adopting the Magistrate's Report and Recommendation denying the petition for habeas relief. On May 2, 1990, Robbins filed a timely notice of appeal with this Court.
 
 II.
 
 12
 On appeal, Robbins argues that the sentencing court based his sentence on a mistake of law or false information. Our review of the record, however, does not disclose support for Robbins' contention. Information used to sentence an individual may be so misleading, in certain instances, that it denies due process. See Townsend v. Burke, 334 U.S. 736, 740-41 (1948); United States v. Polselli, 747 F.2d 356, 358 (6th Cir.1984) (per curiam), cert. denied, 469 U.S. 1196 (1985). To demonstrate that misinformation introduced at the sentencing phase violates due process, a petitioner must show that the evidence was materially false and the sentencing judge relied upon it. Polselli, 747 F.2d at 358. Robbins has not met this burden.
 
 
 13
 To support his contention that the sentencing court relied on a mistake of law, Robbins relies on the sentencing court's incorrect "guess" that in ten or twelve years Robbins would "become eligible for some kind of ... break." Joint Appendix at 52-53.[1] Michigan law prohibits a sentencing judge from considering early release programs, good time credits or disciplinary credits in determining the appropriate sentence. See People v. Fleming, 428 Mich. 408, 427, 410 N.W.2d 266 (1987). In Fleming, unlike the instant case, the sentencing judge stated that one of the bases for departing from the sentencing guideline range was that good time credits may be used to reduce the sentence.
 
 
 14
 The facts of Fleming are distinguishable from the facts of the instant case because, in sentencing Robbins, the court stated that the sentence was based on the pre-sentence report and the plea agreement. The sentencing transcript indicates that Robbins' sentence was not based on a mistake of law. The court based the minimum sentence of thirty years on the plea agreement and the pre-sentence report. The court stated that the evidence presented would have been sufficient to support a higher minimum sentence. However, the presentence report and Robbins' behavior indicated that the prosecutor's recommendation of thirty years was appropriate. The sentencing judge stated that his sentence was based on the presentence report and the prosecutor's agreement which he considered to be fair. See Joint Appendix at 52-53. The sentencing judge merely mused about the circumstances that might preserve Robbins' hope during incarceration. He did not state that his determination of the appropriate sentence was in reliance upon the impact of good time credits or early release programs on Robbins' period of incarceration. Robbins' argument to the contrary, therefore, is without merit.
 
 III.
 
 15
 We conclude that the sentencing court did not sentence Robbins under a mistake of law. The sentencing court properly relied upon the pre-sentence report and the plea agreement. Robbins, therefore, is not entitled to habeas relief. Accordingly, we AFFIRM the April 2, 1990, judgment of the Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan.
 
 
 
 [1]
 Robbins argues that under state law, the earliest he will become eligible for parole is after serving twenty-four years, four months and twenty days. Appellant's brief at 5 (citing Mich.Comp.Laws Sec. 800.33 and Mich.Stat.Ann. Sec. 28.1403)