943 F.2d 53
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duane WESTON, Defendant-Appellant.
 No. 91-1010.
 United States Court of Appeals, Sixth Circuit.
 Sept. 11, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JARVIS, District Judge.*
 PER CURIAM.
 
 
 1
 Duane Bryan Weston raises two questions on appeal: (1) Did the district court abuse its discretion in denying Weston's request for new counsel and (2) does the mandatory sentencing provision of 18 U.S.C. § 924(c) violate due process by circumscribing the trial court's sentencing discretion. Because we answer each of these questions in the negative, we affirm.
 
 
 2
 On October 29, 1989, Weston was indicted for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, possession of cocaine base in violation of 21 U.S.C. § 844, and use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Also named in the indictment was Weston's uncle, Alfred Joe Stearns, whom Weston had been living with after his discharge from the Navy. Following a jury trial, Weston was found guilty of conspiracy to distribute cocaine and use of a firearm in relation to a drug trafficking crime. He was acquitted of the possession of a cocaine base charge. Thereafter, Weston was sentenced to a total of 70 months incarceration, 60 months of which was due to the mandatory provision of § 924(c).
 
 
 3
 The evidence at trial established that Alfred Stearns had sold cocaine to a federal informant. This prompted a search warrant to be executed for Stearn's residence. During the course of the search, Weston was found in his room which was located in the basement of the house. Upon Weston's dresser was a loaded .22 caliber revolver; under the couch in Weston's room was .1 gram of cocaine base.
 
 
 4
 On December 1, 1989, approximately two weeks before the trial was initially scheduled to begin, Weston filed a motion requesting new counsel and a continuance. The district court denied Weston's motion for new counsel but by agreement of the parties, the trial was continued until January 16, 1990. After numerous continuances due to co-defendant Stearns' health problems, Weston's trial commenced on October 16, 1990.
 
 
 5
 Weston argues that the district court abused its discretion by not appointing him new counsel. Specifically, Weston argues that because there was ample time between Weston's motion for new counsel and the actual trial date there was little reason for the trial judge not to appoint new counsel. The relevant inquiry in a situation such as this is not the relative ease in which the district court could have appointed new counsel but rather whether the defendant has put forth justifiable reasons for dissatisfaction with existing counsel. See, e.g., United States v. Iles, 906 F.2d 1122, 1130 (6th Cir.1990); Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir.1985); United States v. Hart, 557 F.2d 162, 163 (8th Cir.), cert. denied, 434 U.S. 906 (1977). In his motion, Weston claimed that he had lost confidence in his counsel, apparently because of his counsel's pessimistic appraisal of his chances of success at trial. This fact, standing alone, is not sufficient to warrant a substitution of counsel. Indigent defendants are entitled to competent representation; this does not require that they be provided with counsel which necessarily shares their view as to the underlying merits of their case. Therefore, the district court did not abuse its discretion in denying Weston's motion for substitution of counsel.
 
 
 6
 Weston's final argument, that the mandatory sentencing provision of 18 U.S.C. § 924(c) is unconstitutional, deserves little attention. In United States v. Dumas, 921 F.2d 650 (6th Cir.1990), cert. denied, 111 S.Ct. 2034 (1991), this court rejected the identical argument stating "[t]his contention has no merit since 'the scope of judicial discretion with respect to a sentence is subject to congressional control.' Mistrettta v. United States, 488 U.S. 361, 364 (1989)." We likewise find this argument to be meritless.
 
 
 7
 Therefore, for the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable James H. Jarvis, United States District Judge for the Eastern District of Tennessee, sitting by designation