961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry BOYD, Defendant-Appellant.
 No. 91-5728.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Terry Boyd was a small-time drug dealer in Athens, Tennessee who occasionally supplied police with information on local crimes. In November 1990 a federal grand jury returned a four-count indictment charging Boyd with distributing cocaine in violation of 21 U.S.C. § 841(a)(1). During plea negotiations, Boyd agreed to plead guilty to count 3 of the indictment and "to cooperate fully, truthfully, and completely with any and all law enforcement agents." For its part, the government promised to dismiss the remaining counts of the indictment and to apprise the sentencing court of the value of Boyd's cooperation.
 
 
 2
 Law enforcement officers testified that Boyd did not live up to the promises of his plea. He apparently was derelict in his duty to contact the officers and was considered an uncooperative source.
 
 
 3
 Boyd's sentencing guideline range was set between 46 and 57 months. During the sentencing hearing Boyd argued for a downward departure under the guidelines section for Substantial Assistance to Authorities. § 5K1.1. Section 5K1.1 (a policy statement) provides: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."
 
 
 4
 Defendants often attach a higher value to their assistance than does the prosecution. The government was unimpressed by Boyd's help and so did not move the court for a downward departure under § 5K1.1. Absent a government motion the district court rejected Boyd's departure request and sentenced him to 47 months. Our question is whether a sentencing court may depart downward under § 5K1.1 without a government motion. The answer is no.
 
 
 5
 Congress authorizes only limited appellate review of a sentencing court's decision. 18 U.S.C. § 3742. Factual findings of the district court will be affirmed unless clearly erroneous. 18 U.S.C. § 3742(e). In addition, a reviewing court must "give due deference to the district court's application of the guidelines to the facts." Id.
 
 
 6
 Boyd thinks a government motion is unnecessary prior to a sentencing court's application of § 5K1.1. This argument confronts the insuperable barrier of the plain terms of § 5K1.1: "Upon motion of the government stating that the defendant has provided substantial assistance ... the court may depart from the guidelines." Arguments identical to that advanced by Boyd have been repeatedly rejected by this court. United States v. Dumas, 934 F.2d 1387 (6th Cir.), cert. denied, 111 S.Ct. 2034 (1991); United States v. Davis, 919 F.2d 1181 (6th Cir.1990); United States v. Levy, 904 F.2d 1026 (6th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). Even if we disagreed with our previous cases interpreting § 5K1.1--and we do not--we remain bound to follow circuit law. Timmreck v. United States, 577 F.2d 372, 376 n. 15 (6th Cir.1978), rev'd on other grounds, 441 U.S. 780 (1979) ("One panel of this Court cannot overrule the decision of another panel; only the Court sitting en banc can overrule a prior decision.").
 
 
 7
 The fact that § 5K1.1 is among a series of policy statements collected under the title "PART K-DEPARTURES" does not change Boyd's fate. Boyd avers that a downward departure need not be preceded by a government motion because mere policy statements impose no requirements on sentencing courts. This reading exaggerates the distinction between guidelines and policy statements. Because departures and policy statements are both integral to the sentencing guideline system promulgated pursuant to 28 U.S.C. § 994, we do not think courts are free to disregard the unambiguous language of § 5K1.1. So, at least, we have previously held. Levy, 904 F.2d at 1035; see also United States v. Kelley, 956 F.2d 748, 751 (8th Cir.1992) (en banc); United States v. Smith, 953 F.2d 1060, 1063-64 (7th Cir.1992).
 
 
 8
 In the alternative, Boyd finds a due process violation in the government's bad faith exercise of its obligations under the plea agreement. This claim mistakenly implies that 1) the plea agreement guaranteed a downward departure and 2) the government acted in bad faith in failing to bring this guarantee to life. Since neither predicate of Boyd's conclusion is true, the argument fails. One cannot welsh on a promise never made. Under the terms of the plea agreement, the value of Boyd's cooperation was for the government--not Boyd--to determine. Boyd supplies no evidence of bad faith.
 
 
 9
 Boyd adds that the sentencing court is under a statutory obligation to consider "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Since Boyd's "substantial assistance" is an element of his history, the district court's alleged failure to consider this fact was a breach of statutory duty. Again, there is no evidence that the court failed to consider Boyd's relevant history. The court's refusal to depart is not the same as a refusal to consider.
 
 
 10
 Finally, and with no supporting argument, Boyd asserts that § 5K1.1 deprives him of due process. This claim fares no better here than similar arguments rejected in Dumas and Levy. Dumas, 934 F.2d at 1390-91; Levy, 904 F.2d at 1035. Once again, only an en banc court may overrule other cases from this circuit. Timmreck, 577 F.2d at 376 n. 15.
 
 
 11
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable James P. Churchill, Senior District Judge for the Eastern District of Michigan, sitting by designation