974 F.2d 1339
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Mark PRENTICE, Defendant-Appellant.
 No. 91-5869.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Dennis Prentice entered a guilty plea to charges that he committed an armed bank robbery and used a firearm during the commission of that crime. While in custody, Prentice gave the United States Attorney's office information on another bank robber. The Assistant United States Attorney assigned to the case determined that this information was insufficient to constitute substantial assistance and declined to move for a downward departure under U.S.S.G. § 5K1.1.[1]
 
 
 2
 The district court ruled, correctly, that absent a motion by the government, it is without authority to grant a departure under section 5K1.1. United States v. Dumas, 934 F.2d 1387, 1390-91 (6th Cir.1990), cert. denied, 111 S.Ct. 2034 (1991); United States v. Davis, 919 F.2d 1181, 1187-88 (6th Cir.1990); United States v. Levy, 904 F.2d 1026, 1035-36 (6th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). Further, a decision not to depart downward "is not cognizable on appeal." United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir.1991); Davis, 919 F.2d at 1187.
 
 
 3
 Prentice also claims that the government refused to move for a section 5K1.1 departure to retaliate against Prentice for failing to confess to various other bank robberies and thereby violated his Fifth Amendment right against self-incrimination. Prentice failed to raise this argument below, however, thereby precluding its consideration on appeal. United States v. Polselli, 747 F.2d 356, 357 (6th Cir.1984) (per curiam), cert. denied, 469 U.S. 1196 (1985). Moreover, defendant's claim fails on the merits. Prosecutors are vested with significant discretion to exercise leniency toward a criminal defendant. See United States v. Smith, 953 F.2d 1060, 1064 (7th Cir.1992) ("Opportunities for prosecutors to grant or withhold boons suffuse the criminal rules."). Applying or withholding the carrot of lenity to induce testimony does not appear to rise to the level of compelling self-incrimination in violation of the Fifth Amendment. See Davis, 919 F.2d at 1186 (finding no Fifth Amendment violation where defendant voluntarily gave post-conviction, incriminating statement to probation officer). Even if this were a constitutional violation, Prentice has offered no evidence, beyond bald assertion, that the Assistant United States Attorney sought to compel self-incrimination. Indeed, he stated on the record credible reasons for deciding not to move for a section 5K1.1 departure.
 
 
 4
 The sentence of Mark Prentice is, therefore, affirmed in all respects.
 
 
 
 [1]
 Section 5K1.1 provides, "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."