7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe D. DENNIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5052.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1993.
 
 1
 Before: MILBURN and NELSON, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 Joe D. Dennis appeals a district court judgment that dismissed a motion to vacate his sentence filed under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Dennis was indicted on charges of using a firearm during a drug offense and of possessing cocaine and marijuana for distribution. He entered a guilty plea to the firearm charge in exchange for the dismissal of the other charges and was sentenced to a mandatory term of five years' imprisonment. 18 U.S.C. § 924(c)(1). Dennis did not file a direct appeal. However, in his present motion, Dennis alleged that this sentence violated the Eighth Amendment because he had no prior criminal record and because he was addicted to drugs. The district court dismissed the motion on October 7, 1992. It is from this judgment that Dennis now appeals.
 
 
 4
 A motion to vacate under § 2255 is not a substitute for a direct appeal. Thus, to obtain collateral relief, Dennis must show cause that would excuse the failure to raise his claim on direct appeal and actual prejudice from the error that he alleges. See United States v. Frady, 456 U.S. 152, 167-68 (1982).
 
 
 5
 Dennis has not made the requisite showing regarding cause. In addition, he has failed to demonstrate any actual prejudice resulting from his claim. The mandatory sentence that Dennis received as a result of his plea bargain did not violate the Eighth Amendment. See United States v. Dumas, 934 F.2d 1387, 1389 (6th Cir.), cert. denied, 112 S.Ct. 641 (1991). Moreover, the district court could not reduce Dennis's sentence because it was mandated by 18 U.S.C. § 924(c)(1). See U.S.S.G. § 5G1.1.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation