16 F.3d 1223
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Albert G. WILLIAMS, Defendant-Appellant.
 No. 92-3482.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1994.
 
 Before: KEITH and KENNEDY, Circuit Judges; and JORDAN, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant Albert G. Williams appeals the sentence imposed upon his pleas of guilty to conspiracy to distribute and possess with the intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 846 (Count 1) and to using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1) (Count 4). On appeal, the defendant argues that the District Court erred in failing to grant him a downward departure on his firearm sentence for substantial assistance. For the following reasons, we affirm.
 
 
 2
 On November 6, 1991, the defendant was indicted on four counts of a five-count indictment related to the sale of cocaine base and the use of a firearm in the commission of the offense. He entered into a plea agreement with the government which provided that he would supply information and cooperate with the government and the government would then file a motion for a downward departure under 18 U.S.C. Sec. 3553(e) and U.S.S.G. Sec. 5K1.1 based on the defendant's substantial assistance. Prior to sentencing, the government filed its motion as promised. Although the motion did not distinguish between the counts of the indictment for purposes of a downward departure, it did state: "the United States of America ... hereby acknowledges this Court's authority to impose a sentence below that level established by statute as a minimum sentence...."
 
 
 3
 On May 8, 1992, the defendant's sentencing hearing was held at which time the District Court departed from a guideline range of 151 to 188 months on Count 1 and sentenced the defendant to 63 months imprisonment. The District Court then imposed the full 60 month minimum mandatory sentence on Count 4 to be served consecutively to the sentence imposed for Count 1.
 
 
 4
 The defendant now argues that the District Court must have been unaware it had the discretion to depart downward on the minimum mandatory sentence in reliance on this Court's unmodified decision in United States v. Dumas, 921 F.2d 650 (6th Cir.1990). In Dumas, upon rehearing, the panel modified the original opinion and omitted a section which stated that a district court could not depart from a statutorily mandated minimum sentence. United States v. Dumas, 934 F.2d 1387 (6th Cir.1991). The panel decided upon rehearing that it was unnecessary to reach this issue in Dumas because the government did not ask the District Court for a downward departure on the minimum mandatory sentence. Id. at 1389.
 
 
 5
 In the present case, the government acknowledged that the District Court had the discretion to depart from a minimum mandatory sentence established by statute. Further, from the record of the guilty plea proceedings, it is clear that the District Court was aware of the scope of its discretion.
 
 
 6
 THE COURT: Do you understand that with regard to the firearm charge I must, unless I give you credit for what we call substantial assistance, I must give you a five-year sentence? Do you understand that?
 
 
 7
 THE DEFENDANT: Yes, sir.
 
 
 8
 There is no argument that the guideline range was not properly computed or that the sentence was imposed in violation of law or as a result of an incorrect application of the guidelines, and we find that the trial court was aware of its discretion to depart from the guideline range. There being no other cognizable issue under 18 U.S.C. Sec. 3742(a) raised by these facts ( United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990)), the defendant's sentence is AFFIRMED.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation