66 F.3d 327
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry McJefferson RICE, Defendant-Appellant.
 No. 94-2288.
 United States Court of Appeals, Sixth Circuit.
 Sept. 11, 1995.
 
 Before: BROWN, MARTIN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Larry M. Rice, pled guilty to one count of possessing a shotgun, whose barrel was shorter than the length declared to be a sporting weapon, during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). On appeal Rice raises two issues. First, he questions whether or not the ten-year mandatory minimum sentence required by Section 924(c)(1)[1] violates his right to due process because it precludes discretion on the part of the sentencing judge to consider the individual circumstances of his crime. Rice also claims that the mandatory minimum sentence of Section 924(c)(1) violates his Eighth Amendment right to be free from cruel and unusual punishment.
 
 
 2
 Rice was arrested in the early morning hours of April 24, 1994, by agents of the United States Alcohol, Tobacco and Firearms Division of the United States Treasury Department while working with the Benton Harbor, Michigan, police department. The focus of the joint investigation was a series of arsons that had taken place in the Benton Harbor area. The most recent arson had occurred the night before Rice's arrest. While patrolling in the vicinity of the most recent arson, the combined Benton Harbor police and Alcohol, Tobacco and Firearms Division team observed a car in front of them that appeared suspicious. After the car committed two traffic offenses, the team stopped the vehicle. Once the car was stopped, it became obvious that another crime was involved other than the arson. As the law enforcement officers approached the car, they observed the occupant of the front passenger seat throw a short-barreled shotgun out of the car window. Observing this, they arrested all of the occupants of the vehicle. At the same time, a small quantity of crack cocaine was discovered in Rice's possession. When he was arrested, Rice admitted that the weapon was his and that he was engaged in drug distribution.
 
 
 3
 After indictment but prior to trial, Rice's counsel moved to suppress the weapon, the drugs taken from him at the time he was arrested, and his statements to the police. Prior to the suppression hearing, Rice agreed to plead guilty to one count--the Section 924(c) count--of the four-count indictment. The plea was tendered to the district court, and the court sentenced Rice to the ten year mandatory minimum based on this plea.
 
 
 4
 The first issue Rice raises is controlled by our decision in United States v. Dumas, 934 F.2d 1387 (6th Cir.1990), cert. denied, 502 U.S. 1006 (1991). There, we specifically held that the mandatory minimum sentences required by Section 924(c)(1) do not violate a defendant's due process rights because the court's discretion has been limited by Congress. Id. at 1389 (citing Mistretta v. United States, 488 U.S. 361 (1989)). Congress has the power to limit judicial discretion with regard to a sentence that is subject to its control. It is not a violation of Rice's due process rights for Congress to eliminate all discretion in sentencing by imposing mandatory sentences.
 
 
 5
 With regard to the second issue Rice raises, this Court's opinion in United States v. Duerson, 25 F.3d 376 (6th Cir.1994), controls. In Duerson, the defendant had committed a robbery using a short-barreled shotgun. The district court sentenced the defendant to thirteen years and one month in prison, ten years of which the judge imposed for the defendant's violation of Section 924(c)(1). We held in Duerson that a mandatory ten-year sentence under Section 924(c)(1) for the use of a short-barreled shotgun, even when added to a sentence of imprisonment for another crime, was not cruel and unusual punishment because the sentence was not grossly disproportionate to the crime. Id. at 384 (citing Harmelin v. Michigan, 501 U.S. 957 (1991)).
 
 
 6
 Having determined that both issues Rice raises are controlled by prior decisions of this Circuit, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 Section 924(c)(1) provides in pertinent part:
 Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall ... be sentenced to imprisonment for five years, and if the firearm is a short-barreled ... shotgun ... to imprisonment for ten years....