81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome HARDRIX, Defendant-Appellant.
 No. 95-5756.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1996.
 
 Before: MERRITT, WELLFORD and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 On June 27, 1994, the appellant, Jerome Hardrix, and two other inmates assaulted another prisoner, Vester Evans, at the Federal Correctional Institution at Manchester, Kentucky. The victim sustained severe injuries. Hardrix subsequently pleaded guilty to the government's charge of assault and infliction of serious bodily injury to Vester Evans in violation of Title 18, U.S.C. §§ 7, 113(f) and 2. Because of his criminal history, Hardrix was classified as a career offender under USSG § 4B1.1, which requires an offense level of 24. The lower court reduced Hardrix's offense level by three levels for acceptance of responsibility and assigned the appellant a total offense level of 21 and a criminal history category of VI.
 
 
 2
 Hardrix challenges the district court's refusal to grant his motion for a downward departure under USSG § 4A1.3. In particular, he urges the court to consider his youth and immaturity when he committed his prior offenses, the fact that his previous crimes occurred within a one month span, and that he was given concurrent sentences for his prior offenses. The lower court carefully considered all the arguments presented by Hardrix in his motion for a downward departure. In addition, the district judge correctly calculated the guideline range and imposed an appropriate sentence. Most significantly, the district judge knew that he had discretion to depart downward and declined to do so. Accordingly, under clearly established Sixth Circuit precedent, Hardrix's principal ground for relief on appeal is simply not reviewable. United States v. Vincent, 20 F.3d 229, 239 (6th Cir.1994); United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993).
 
 
 3
 Next, Hardrix contends that he was denied fundamental fairness and due process of law when the district court permitted the government to provide details of the defendant's assault on prison guards seven days before the sentencing hearing. However, the district judge explicitly stated during sentencing, "I will not consider this most recent allegation of an assault on prison guards at the Laurel County Jail. I don't think it's appropriate at this point. It is just a charge ... [and] I'm specifically not considering that." To establish a due process violation from the use of misinformation during sentencing the defendant must show that the evidence was materially false and that the trial judge relied upon it. United States v. Polselli, 747 F.2d 356, 358 (6th Cir.1984) cert. denied, 469 U.S. 1196, 105 S.Ct. 979, 83 L.Ed.2d 981 (1985). Hardrix has clearly failed establish a violation of his due process rights.
 
 
 4
 For the reasons stated, the judgment of the district court is hereby AFFIRMED.