**NOT RECOMMENDED FOR PUBLICATION**
File Name: 04a0036n.06
Filed: October 20, 2004

No. 02-5876; 02-6490

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| RAY WASHINGTON (02-5876); | ) | EASTERN DISTRICT OF KENTUCKY |
| TERRONE GATESKILL | ) | |
| (02-6490), | ) | |
| | ) | OPINION |
| Defendants-Appellants. | ) | |
| _____ | ) | |

**Before: CLAY and GILMAN, Circuit Judges; and MATIA, District Judge.**[*]

**PAUL R. MATIA, District Judge.** Defendants-appellants Ray Washington and Terrone Gateskill entered conditional guilty pleas for conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846. In their conditional pleas, the defendants reserved the right to appeal from the district court's denial of their pretrial motions to suppress evidence obtained by wiretap. Washington also appeals the district court's denial of his motion to withdraw his guilty plea and the court's order overruling objections to factual findings in his Presentence Report ("PSR").

_____

[*]The Honorable Paul R. Matia, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

*United States v. Washington (02-5876)*
*United States v. Gateskill (02-6490)*

For the reasons set forth below, we **AFFIRM**.

**I. BACKGROUND**

**A. Factual Background**

In early 2001, pursuant to information provided by a cooperating source, law enforcement officials began to investigate a drug trafficking enterprise known to involve defendant-appellant Ray Washington, a Kentucky resident suspected of being the leader of a cocaine distribution ring in the Lexington, Kentucky area. The cooperating source informed law enforcement officials that Washington and his associates would frequently travel to Indianapolis, Indiana to obtain cocaine from his primary supplier. Washington and his associates would then transport and distribute the cocaine to dealers in the Lexington, Kentucky area.

In the government's attempt to gather more detailed information about the scope of Washington's criminal enterprise, it sought and obtained authorization from the district court for the electronic surveillance of Washington's cellular telephone on February 20, 2001. Continued wiretap orders were issued on March 21 and April 20, 2001. As a result of these wiretaps, law enforcement learned that Washington and his associates were planning to travel to Indianapolis on April 25, 2001, to obtain a large shipment of cocaine from a primary distributor, Anthony

2

Everett.  On that day, with the assistance of wiretap evidence,

law enforcement officers stopped Washington as he was driving

back to Lexington from Indianapolis.  The officers arrested

Washington and searched his vehicle, where they found a box

containing twenty-five kilograms of cocaine in the trunk.

## B. Procedural Background

On May 21, 2001, a federal grand jury returned a twenty-five

count indictment, charging Washington and twenty-three other

persons with various drug offenses.  Some of the individuals were

suppliers to Washington, and others were immediate associates,

such as defendant-appellant Terrone Gateskill, also a resident of

Lexington, Kentucky.

Before trial, both Washington and Gateskill filed motions to

suppress the wiretap evidence on the basis that the applications

lacked the appropriate "necessity" for court approval.

Washington filed an additional motion to suppress evidence

obtained from the search of his vehicle, claiming that the

government had no legal basis to stop and search his automobile

other than information provided by the "poisonous" wiretap.  The

district court denied each of these motions.

On February 7, 2002, Washington entered a conditional plea

of conspiracy to possess cocaine with intent to distribute, 18

U.S.C. § 846.  As evidenced by the agreement, Washington

3

acknowledged that he was subject to the statutory penalty of not less than twenty years in prison because (1) the underlying offense involved at least five kilograms of cocaine and (2) he had a prior drug felony conviction. (Washington Plea, JA 480-85) Gateskill entered his conditional plea on February 19, 2002 to conspiracy to possess cocaine with intent to distribute, 18 U.S.C. § 846.

On May 6, 2002, Washington filed various objections to his PSR, claiming that numerous factual inaccuracies therein had the potential to expose him to a greater sentence. These objections were essentially directed at two findings in the PSR: (1) the conspiracy involved more than fifty kilograms of cocaine; and (2) the conspiracy involved five or more individuals and that Washington was the leader/organizer of the group. These objections were overruled by the district court.

On May 31, 2002, Washington filed a motion to withdraw his guilty plea, claiming that the "terms of the plea agreement were not what the Appellant thought he had originally agreed to." (Appellant Brief, p. 30) This motion was also denied.

In accordance with their plea agreements, Washington was sentenced to 240 months imprisonment and Gateskill received a prison term of forty-two months. This timely appeal followed.

*United States v. Washington (02-5876)*
*United States v. Gateskill (02-6490)*

## II. ANALYSIS

### A. Wiretap Evidence

Washington and Gateskill argue that (1) the government failed to demonstrate investigatory necessity in requesting the wiretap authorization and (2) evidence gained from the wiretaps was therefore fruit of a poisonous tree. We disagree.

A government request for a wiretap order must reasonably demonstrate to a judge that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous[.]" 18 U.S.C. § 2518(3)(c). The issuing judge enjoys considerable discretion, however, in making a practical and commonsense judgment about the sufficiency of the government's showing. *United States v. Landmesser*, 553 F.2d 17, 20 (6th Cir. 1977).

Defendants-appellants claim that the wiretap authorization was not necessary in this matter because the government was already enjoying great success in penetrating the criminal enterprise through information provided by cooperating individuals and physical surveillance. The district court rejected this reasoning, concluding that electronic surveillance of Washington's cellular phone, the virtual "nerve center" of the drug conspiracy, was necessary to establish the full scope of the criminal enterprise. We concur, finding that the district court

5

did not abuse its discretion.  The problem faced by law
enforcement in this matter involved a widespread, interstate
conspiracy that relied primarily upon cellular communications for
operational planning and execution. *See, e.g., United States v.
Woods*, 544 F.2d 242, 257 (6th Cir. 1976)(even significant
opportunities for undercover infiltration would not alleviate
"difficulty in learning all the complex details of the widespread
[drug] organization, and its aiders and abettors").  Accordingly,
the evidence gathered as a result of the electronic surveillance
was not tainted fruit.  Furthermore, the stop and seizure of
evidence from Washington's automobile were not "tainted" because
the underlying wiretap that prompted the government action was
lawful.

### B. Withdrawal of Guilty Plea

Washington next appeals the district court's denial of his
motion to withdraw his guilty plea, claiming that he had
"misgivings" about the "unilateral nature" of the plea.  The
district court denied the motion, finding no "fair and just
reason" to allow the withdrawal.  We concur.

The right to withdraw a plea prior to sentencing is not
absolute, but is left to the broad discretion of the trial court.
*United States v. Spencer*, 836 F.2d 236, 238 (6th Cir. 1987).  The
decision of the district court to deny a motion for plea

withdrawal should be sustained unless the district court has abused its discretion. *Id.* (citing *Doherty v. American Motors Corp.*, 728 F.2d 334, 338 (6th Cir. 1984).

This Court has enumerated a number of factors that a district court may consider when evaluating whether a defendant has established, pursuant to FED. R. CRIM. P. 32(d), a "fair and just reason" to withdraw his guilty plea.  They are: (1) the length of time between the entry of the plea and the motion to withdraw it; (2) why the grounds for withdrawal were not presented to the court earlier; (3) whether the defendant has asserted and maintained his innocence; (4) the circumstances underlying the entry of the plea, the nature and background of the defendant, and whether he has admitted guilt; and (5) potential prejudice to the government. *Spencer*, 836 F.2d at 838-40.

In this case, an examination of these factors shows that Washington has not met his burden.  First, the district court addressed the "timing" of Washington's motion to withdraw, highlighting the fact that it was filed some 100 days after his plea agreement.  While courts look with favor on motions to withdraw made soon after the plea entry, longer delays must be scrutinized more carefully, since the purpose of RULE 32(d) "is not to allow a defendant to make a tactical decision to enter a

plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id*. at 239 (citing *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984), *cert. denied*, 471 U.S. 1004 (1985)). In this matter, Washington waited more than three months before notifying the court that he wished to withdraw his plea. This period exceeds lengths of time that we have previously found to be excessive. *See id.* (five weeks); *United States v. Triplett*, 828 F.2d 1195, 1198 (6th Cir. 1987)(eighty-four days). Second, the circumstances surrounding Washington's plea clearly indicate it was voluntarily and knowingly given. In response to the court's interrogation, Washington stated that his plea was not the result of any pressure or duress and that he knowingly participated in the underlying criminal offense. Moreover, Washington received the exact sentence, 240 months imprisonment, he explicitly bargained for in the plea agreement. Given these facts, we are compelled to conclude that the district court did not abuse its discretion when it denied Washington's motion to withdraw his guilty plea.

**C. Objections to PSR**

Washington finally argues that the district court erred by not sustaining his objections to specific findings in the PSR related to his role in the drug conspiracy and the quantity of

cocaine involved.  Washington claims that factual errors related to these issues exposed him to a greater sentencing guideline range than what otherwise should have been enumerated in the PSR had his objections been sustained.[1]  This claim is meritless.

Washington pled guilty to a drug conspiracy charge that carried a twenty-year statutory minimum term.  He was therefore required by statute to serve at least 240 months for the drug offense.  Assuming arguendo that the PSR erroneously noted Washington's leadership role in the conspiracy and the quantity of drugs involved, the error would be harmless in light of the fact that this Court will not address an alleged error in the offense level if the mandatory minimum penalty trumps the guideline range. *See United States v. Gaitan-Acevedo*, 148 F.3d 577, 595 (6th Cir. 1998); *United States v. Gaines*, 122 F.3d 324, 330 (6th Cir. 1997)("When Congress and the Sentencing Commission disagree on matters of sentencing policy, Congress trumps."); *United States v. Rodriguez-Razo*, 962 F.2d 1418, 1420 (9th Cir. 1992)("If the error resulted from a misapplication of the Sentencing Guidelines, but did not affect the district court's choice of the sentence imposed, the error is harmless and remand

---

[1]Washington claims he would have been subject to a sentencing guideline range of 121 to 151 months imprisonment if his objections to the PSR were sustained. (Appellant Brief, p. 31)  Instead, the PSR enumerated a sentencing guideline range of 235 to 293 months imprisonment. (JA 742)

*United States v. Washington (02-5876)*
*United States v. Gateskill (02-6490)*

is not required."); UNITED STATES SENTENCING GUIDELINES § 5G1.1(b)

("Where a statutorily required minimum sentence is greater than

the maximum of the applicable guideline range, the statutorily

required minimum sentence shall be the guideline sentence.").


**III. CONCLUSION**

For all the reasons set forth above, we **AFFIRM** the judgment

of the district court.