**UNITED STATES COURT OF APPEALS**

**October 10, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ROBERT SOULE,

      Defendant-Appellant.

No. 07-8001
(D.C. No. 06-CR-166-WFD)
(D. Wyo.)

### ORDER AND JUDGMENT[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Robert H. Soule appeals his sentence of 130 months' imprisonment

imposed following his guilty plea for possession of child pornography in violation

of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Soule's counsel moves for leave to

withdraw in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967).

Because we conclude that each of the arguments raised by Soule's counsel in her

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

Anders brief is frivolous, we **AFFIRM** Soule's sentence, **DISMISS** his appeal, and **GRANT** counsel's motion to withdraw.

## I

Soule's troubles in this case began on May 20, 2006, when members of his family contacted the Laramie Police Department to report that they had discovered what appeared to be child pornography amongst Soule's possessions at his mother's home. After attempting to interview Soule about his family's discovery, officers applied for and obtained a search warrant for Soule's mother's residence as well as for two storage units leased by Soule. Officers executed the search warrant on May 25 and 26, 2006, and found approximately seventy 3.5-inch floppy computer disks, ammunition for several types of firearms, and numerous pornographic photographs. The officers later turned over the computer disks to members of the Internet Crimes Against Children Task Force, who determined that the disks contained approximately 210 digital images depicting children engaged in explicit sexual activity. Some of the children depicted in the images were prepubescent, and at least six images allegedly depicted children engaged in sadomasochistic conduct.

On July 19, 2006, a federal grand jury indicted Soule on two counts, charging: (1) unlawful possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (2) knowing possession of images of child pornography that affected interstate commerce in violation of 18 U.S.C.

§ 2252A(a)(5)(B) and (b)(2).  Soule initially pleaded not guilty to both counts at his arraignment, but later entered into a written plea agreement with the government, in which he agreed to plead guilty to the count alleging possession of child pornography in exchange for the government's dismissal at sentencing of the other count.  The district court held a hearing on the plea agreement on September 22, 2006, and accepted the revised plea.

Soule was sentenced on December 8, 2006.  His Presentence Report ("PSR") noted an adjusted total offense level of 26 and a criminal history category of V.  Taken together with the 120-month mandatory minimum sentence required by 18 U.S.C. § 2252A(b)(2),[1] these sentencing considerations provided for a potential range of 120 to 137 months' imprisonment.  In response to the PSR, Soule advanced three main objections:  (1) the mandatory minimum sentence required by 18 U.S.C. § 2252A(b)(2) constitutes a per se cruel and unusual punishment in violation of the Eight Amendment; (2) the PSR overrepresented his criminal history and a departure from the Guidelines was thus warranted under U.S.S.G. § 4A1.3(b); and (3) under the factors listed in 18 U.S.C. § 3553(a), the court should impose a sentence below the Guidelines, or, in the alternative, sentence Soule to no more than the mandatory minimum.  The district court rejected each of these arguments and imposed a sentence of 130

---

[1] Under 18 U.S.C. § 2252A(b)(2), a person with a prior conviction for possession of child pornography, like Soule, must be "imprisoned for not less than 10 years nor more than 20 years."

months' imprisonment, with fifteen years of supervised release. This timely appeal followed.

**II**

If an attorney conscientiously examines a case and determines that any appeal would be wholly frivolous, counsel may "so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that would potentially present an appealable issue. The client may then choose to offer any arguments to the court. If, upon complete examination of the record, the court determines that the appeal is in fact frivolous, it may grant the request to withdraw and dismiss the appeal. Id. In the present case, acting pursuant to Anders, counsel provided Soule with a copy of the appellate brief; Soule has declined the opportunity to file a pro se brief. Counsel's Anders brief raises four potentially appealable issues, each of which we determine to be frivolous.

First, counsel's brief argues that the district court abused its discretion by denying Soule's motion for a downward departure based on U.S.S.G. § 4A1.3(b). We generally have no jurisdiction to review a district court's discretionary decision to deny a defendant's motion for downward departure. United States v. Fonseca, 473 F.3d 1109, 1112 (10th Cir. 2007). Indeed, we may only review a denial of a defendant's motion for departure if the denial was based on the district court's erroneous belief that it was without authority to grant the departure. Id.

- 4 -

As the transcript from Soule's sentencing hearing makes clear, the district court used its discretion to deny the motion for downward departure and did not erroneously rely on the belief that it was without authority to grant the requested departure. We are thus without jurisdiction to review its denial.

Second, counsel's Anders brief raises what is essentially a reasonableness argument under United States v. Booker, 543 U.S. 220 (2005). Counsel specifically asserts that the district court erred in denying Soule's request for a variance from the Guidelines pursuant to 18 U.S.C. § 3553(a). Post-Booker, we review a sentence for reasonableness. See United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006). In conducting this analysis, we review the district court's factual findings for clear error and its legal determinations de novo. United States v. Serrata, 425 F.3d 886, 906 (10th Cir. 2005). We also apply a presumption that a sentence falling within a properly calculated Guidelines range is reasonable.[2] Kristl, 437 F.3d at 1054.

Soule did not object to the district court's application of the Guidelines or to the court's calculation of the relevant sentencing range based on Soule's adjusted offense level and prior criminal record. In addition, our review of the transcript from the sentencing hearing reveals that the district court properly

---

[2] Our circuit's use of an appellate presumption of reasonableness for those sentences falling within a properly calculated Guidelines range was recently upheld by the Supreme Court in Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007).

considered Soule's objections to the proposed sentence, as well as the factors articulated in 18 U.S.C. § 3553(a). Soule has done nothing to overcome the presumption that his 130-month sentence is reasonable, and we therefore conclude that, under the circumstances presented, Soule's sentence is reasonable. See Kristl, 437 F.3d at 1055.

Third, counsel's brief posits that the statutory minimum sentence of 120 months for Soule's conviction amounts to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Specifically, Soule's counsel asserts that it is per se cruel and unusual for Congress to impose a mandatory minimum sentence under any statute. Because this issue presents a purely legal question, we review the district court's denial of this objection de novo. See United States v. Angelos, 433 F.3d 738, 750 (10th Cir. 2006).

"The Eighth Amendment . . . contains a narrow proportionality principle that applies to noncapital sentences." Ewing v. California, 538 U.S. 11, 20 (2003) (quotations omitted). It does not, however, "require strict proportionality between crime and sentence." Id. at 23 (quotation omitted). The Supreme Court has "drawn the line of required individualized sentencing at capital cases, and see[s] no basis for extending it further." Harmelin v. Michigan, 501 U.S. 957, 996 (1991); see also id. at 995 (recognizing that "[t]here can be no serious

contention . . . that a sentence which is not otherwise cruel and unusual becomes so simply because it is mandatory."). Given the weight of Supreme Court precedent on this issue, and the fact that the Guidelines recommend a sentencing range of 110 to 137 months' imprisonment in this case, even without consideration of the applicable mandatory minimum, we decline to hold that the 120-month mandatory minimum sentence imposed under 18 U.S.C. § 2252A(b)(2) violates the Eight Amendment's proscription against inflicting cruel and unusual punishment, per se or otherwise.

Finally, counsel argues that Soule's guilty plea was invalid. We have often recognized that a defendant's plea must be given voluntarily, knowingly, and intelligently. See, e.g., United States v. Gigot, 147 F.3d 1193, 1197 (10th Cir. 1998). To ensure these basic requirements are met, a district court must inform a defendant of the nature of the charges to which he pleads, the rights he waives by pleading guilty, and the possible penalties that will be imposed if he is adjudged by the court to be guilty. Fed. R. Crim. P. 11(b)(1). The district court must also question the defendant to ensure that he gives the plea voluntarily and not as a result of "force, threats, or promises." Fed. R. Crim. P. 11(b)(2). Our review of the record before us leads us to conclude that the district court scrupulously complied with the requirements of Rule 11 and that Soule's plea was entered voluntarily, knowingly, and intelligently.

Because Soule fails to present us with any meritorious grounds for appeal, we **AFFIRM** Soule's sentence, **DISMISS** his appeal, and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge