**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4344**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

GREGORY ALAN HAYES,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:09-cr-00250-JFA-1)

_____

Submitted:  November 19, 2010      Decided:  December 10, 2010

_____

Before WILKINSON, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Parks N. Small, Federal Public Defender, Aileen P. Clare,
Research and Writing Specialist, Columbia, South Carolina, for
Appellant.  William N. Nettles, United States Attorney, Dean A.
Eichelberger, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Gregory Alan Hayes pleaded guilty to accessing child pornography via the Internet with intent to view it, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2010). Because of his prior Pennsylvania convictions for sexual abuse, the district court sentenced Hayes to the statutory mandatory minimum of 120 months' imprisonment, see 18 U.S.C. § 2252A(b)(2) (2006), followed by a lifetime of supervised release.

On appeal, Hayes asserts his guilty plea was not knowing or voluntary; that his sentence is grossly disproportionate to his criminal conduct; and that the term of supervised release and the condition that he submit to "physiological and psychological testing to determine [his] sexual orientation and patterns of arousal" are unreasonable. For the reasons that follow, we reject Hayes' arguments and affirm.

I.

Hayes first asserts that his guilty plea was not knowing and voluntary, under either Federal Rule of Criminal Procedure 11 or due process, because the Government failed to specifically identify the prior conviction it intended to rely upon to support an enhanced sentence. Because Hayes did not raise this issue in the district court and did not move to

2

withdraw his guilty plea on this basis, we will review this claim for plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009) (stating standard of review for unpreserved Rule 11 error). To establish plain error, Hayes "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." Massenburg, 564 F.3d at 342-43. To demonstrate impact on his substantial rights, Hayes must show that, but for the errors, he would not have pled guilty. See United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002). Even if such error is found, it is within this court's discretion to notice the error, and we will do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Massenburg, 564 F.3d at 343 (internal quotation marks omitted).

The standard for determining whether a guilty plea is constitutionally valid is whether the plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970); see Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000). Such an evaluation requires us to examine "the totality of the circumstances surrounding the guilty plea." Burket, 208 F.3d at 190.

Hayes cannot demonstrate any error, plain or otherwise, in the court finding his plea was knowing and voluntary and accepting his guilty plea. During his Rule 11 plea colloquy, the Government stated for the record its position that Hayes' prior convictions for sexual abuse of children qualified him for the recidivist enhancement set forth in 18 U.S.C.A. § 2252A(b)(2).[*] In addition to complying with the mandates of Rule 11, the district court advised Hayes at least three times that, if he had a qualifying prior conviction, he faced a statutory mandatory minimum ten-year sentence. The court specifically questioned Hayes to ensure he understood the potential applicability of this provision. Accordingly, we reject Hayes' challenge to the knowing and voluntary nature of his guilty plea.

## II.

Hayes next asserts that his 120-month sentence is grossly disproportionate to his offense conduct and his criminal history, and thus violative of the Eighth Amendment's

---

[*] Hayes suggests that he should have received notice similar to that which is mandated by 21 U.S.C. § 851 (2006), but offers no authority to support this argument. To the contrary, however, the Eleventh Circuit has specifically rejected this argument. See United States v. Smith, 459 F.3d 1276, 1298-99 (11th Cir. 2006) (conducting plain error review, court rejected defendant's contention that due process demanded additional notice of the enhanced statutory minimum applicable due to his prior qualifying offense). We similarly reject this contention.

prohibition on cruel and unusual punishment. This court has previously held that "proportionality review is not available for any sentence less than life imprisonment without the possibility of parole." United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir. 2001) (citing United States v. Polk, 905 F.2d 54, 55 (4th Cir. 1990)). As one panel of this court cannot either explicitly or implicitly overrule this valid circuit precedent, see United States v. Lighty, 616 F.3d 321, 380 (4th Cir. 2010), we decline to review the proportionality of Hayes' sentence.

## III.

Finally, Hayes challenges both the duration of his supervised release term and the special condition imposed upon him. Hayes first argues the district court failed to explain its reasons for imposing a lifetime term of supervised release. We review this issue for plain error because Hayes did not present any argument for a lesser term in the district court. See United States v. Lynn, 592 F.3d 572, 576-78 (4th Cir. 2010).

"The length of [Hayes'] term of supervised release is part of his sentence and is reviewed for reasonableness[,]" United States v. Daniels, 541 F.3d 915, 921 (9th Cir. 2008), cert. denied, 129 S. Ct. 1600 (2009), using an abuse-of-discretion standard of review. See Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate

5

consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

Here, the court elected to impose the statutory maximum term of lifetime supervised release, which was the term recommended by the Guidelines. See 18 U.S.C.A. § 2252A(a)(5)(A); 18 U.S.C. § 3583(k) (2006); U.S. Sentencing Guidelines Manual § 5D1.2(b), p.s. (2009). Hayes correctly identifies, though, that the district court did not explain this decision, focusing its explanation instead on the reasons for the 120-month term of imprisonment.

The Supreme Court has clearly mandated sentencing courts to "adequately explain" their sentences "to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50. Even if the district court committed procedural error in this case, we hold this error did not affect Hayes' substantial rights. To reiterate, defense counsel did not rely on any of the statutory sentencing factors to advocate for a term of supervised release below the lifetime term authorized by statute and recommended by the Guidelines. Accordingly, Hayes cannot demonstrate that the district court's failure to explain this decision "had a prejudicial effect on the sentence imposed." Lynn, 592 F.3d at 580; see also United States v. Hernandez, 603 F.3d 267, 272-73 (4th Cir. 2010).

6

Hayes next contends the supervised release term is substantively unreasonable. The Supreme Court has authorized appellate courts to afford a presumption of reasonableness to a within-Guidelines sentence. Gall, 552 U.S. at 51; see also United States v. Raby, 575 F.3d 376, 381 (4th Cir. 2009). We do so here, holding the district court's decision to impose the within-Guidelines term of supervised release is presumptively reasonable, and that the duration of this term is insufficient to rebut that presumption.

Finally, Hayes argues the requirement that he submit to sexual testing is substantively unreasonable. As with his other arguments on appeal, Hayes did not object to this condition in the district court, limiting the scope of this court's review to plain error.

"District courts have broad latitude with regard to special conditions of supervised release, and we review the [district] court's decision to impose a condition of supervised release for an abuse of discretion." United States v. Holman, 532 F.3d 284, 288 (4th Cir.) (internal quotation marks omitted), cert. denied, 129 S. Ct. 522 (2008). Any such special condition must be "reasonably related" to the factors set forth in 18 U.S.C. § 3583(d)(1) (2006), which include: "the nature and circumstances of the offenses and the history and characteristics of the defendant; providing adequate deterrence;

7

protecting the public from further crimes; and providing the defendant with training, medical care, or treatment." <u>United States v. Dotson</u>, 324 F.3d 256, 260 (4th Cir. 2003) (internal quotation marks and citations omitted).

Circuit authority supports the district court's requirement that Hayes submit to testing to determine his arousal patterns. <u>See</u> <u>id.</u> at 261. Further, although Hayes advances that the district court abused its discretion in requiring him to submit to testing to determine his sexual orientation, he cites no authority to support that proposition. Accordingly, we cannot say the imposition of this condition constitutes an abuse of discretion.

For these reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>