NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0159n.06

**Nos. 09-6166, 09-6167**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td></td><td>)</td><td>STATES DISTRICT COURT FOR THE</td></tr>
<tr><td>JERRY LEE McINTOSH,</td><td>)</td><td>MIDDLE DISTRICT OF TENNESSEE</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
</table>

**FILED**

**Mar 17, 2011**

LEONARD GREEN, Clerk

Before: BATCHELDER, Chief Judge; CLAY and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Jerry Lee McIntosh pleaded guilty to two counts of possessing a computer containing child pornography and one count of making a counterfeit check. This was not McIntosh's first child pornography conviction, and as a result this one came with a ten-year mandatory minimum sentence. As all of McIntosh's challenges to the sentence fall short, we affirm.

I.

On August 6, 2004, McIntosh called a Tennessee deli and ordered over $500 of food. When the deli delivered the food, McIntosh paid with a counterfeit check. Deli employees contacted local police after the bank notified them that the check was invalid. Using the telephone number of the person who placed the order, officers traced the check to McIntosh, and they arrested him.

McIntosh waived his *Miranda* rights, then admitted that he used a counterfeit-check-writing program to manufacture the check. The police asked to search his computer, and he consented. A forensic analysis of the computer revealed 35 images of child pornography.

A federal grand jury charged McIntosh with two counts of possessing a computer containing images of child pornography, 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and one count of making a counterfeit check, *id*. § 513(a). McIntosh pleaded guilty to the three counts without a Rule 11 plea agreement. Because McIntosh had a prior conviction for child pornography, he faced a ten-year statutory minimum sentence for the two child pornography counts. *See id*. § 2252A(b)(2). The district court imposed a 120-month sentence.

## II.

McIntosh challenges the constitutionality of his statutory minimum sentence, claiming it is "cruel and unusual" under the Eighth Amendment. This constitutional guarantee, however, covers "a narrow proportionality principle" that "forbids only extreme sentences that are grossly disproportionate to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 997, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment); *see id.* at 994 (majority op.) (rejecting claim that mandatory sentences are unconstitutional unless sentencing courts consider mitigating factors); *see Graham v. Florida*, __ U.S. __, 130 S. Ct. 2011, 2021 (2010) (treating Justice Kennedy's *Harmelin* concurrence as the "controlling opinion"). The guarantee thus does not require that sentences be in "strict proportion[]" to their underlying crimes. *Harmelin*, 501 U.S. at 1001 (opinion

of Kennedy, J.). "[O]nly an extreme disparity between crime and sentence offends the Eighth

Amendment," *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000), as the courts give

"substantial deference" to Congress's sentencing policies. *Harmelin*, 501 U.S. at 999 (opinion of

Kennedy, J.).

The short answer to McIntosh's challenge is that a ten-year sentence for this kind of crime

is neither unusual nor disproportionate to the underlying offense. This Court, to be sure, has yet to

entertain an Eighth Amendment challenge to a ten-year sentence for a defendant convicted solely of

child pornography offenses. But many of our sister circuits have already addressed the 18 U.S.C.

§ 2252A enhancement in the context of child pornography crimes; they have unfailingly found that

there is no violation of the Eighth Amendment. *See, e.g.*, *United States v. MacEwan*, 445 F.3d 237

(3d Cir. 2006) (upholding 15-year sentence for second conviction for receipt of child pornography);

*United States v. Gross*, 437 F.3d 691 (7th Cir. 2006) (upholding 15-year sentence for distribution

of child pornography); *United States v. Meiners*, 485 F.3d 1211 (9th Cir. 2007) (per curiam)

(upholding 15-year sentence for advertisement of child pornography, distribution of child

pornography and possession of child pornography); *United States v. Hayes*, No. 10-4344, 2010 WL

5065991 (4th Cir. Dec. 10, 2010); *United States v. Soule*, 250 F. App'x 834, 837–38 (10th Cir.

2007); *United States v. Weis*, 487 F.3d 1148 (8th Cir. 2007) (upholding 15-year sentence for receipt

of child pornography under § 2252, which is similar to § 2252A). We reach the same conclusion

here. In view of the "substantial deference" we owe Congress in defining crimes and assessing

punishments, we cannot say that a ten-year sentence is cruel and unusual punishment for the crimes of a repeat offender like McIntosh.

McIntosh has no answers to this predicament. He acknowledged at sentencing "that there's no case law that supports the challenges that we've made." R.105 at 3. And the only case cited in his appellate briefs in support of his argument—an out-of-circuit district court case, *see United States v. Farley*, No. 1:07-CR-196-BBM, D.E. 106 (N.D. Ga. Sept. 2, 2008)—has been overruled. *See United States v. Brenton-Farley*, 607 F.3d 1294 (11th Cir. 2010).

Moving from one difficult argument to another, McIntosh alternatively claims that his sentence violates the Fifth Amendment's Due Process Clause, which as a matter of "reverse incorporation" picks up the equal-protection guarantees of the Fourteenth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 499–500 (1954). He makes no claim that he is a member of a suspect class or that a fundamental right is at stake, leaving him to argue that Congress's policy lacks a rational basis. *See City of Dallas v. Stanglin*, 490 U.S. 19, 25–26 (1989).

McIntosh cannot overcome the deference the Constitution gives to Congress in making this type of policy choice. Congress added this mandatory minimum in what has come to be known as the PROTECT Act, the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, 117 Stat. 650. Attempting to prove the irrationality of this provision, McIntosh quotes various sections of the Act's legislative history to show that Congress passed the Act to punish people who inflict harm on children directly, as opposed to people like

McIntosh who possess images of child pornography. Yet the selected quotations do not tell the whole story. The congressional findings show that the Act sought to further the government's "interest in protecting children from those who sexually exploit them, including child molesters and child pornographers" and that "this interest extends to stamping out the vice of child pornography *at all levels in the distribution chain*." *Id.* § 501 (emphasis added) (codified at 18 U.S.C. § 2251 Note). Protecting children from those who sexually exploit them is a legitimate objective of government, and punishing those who create a market for this exploitation—either on the supply *or* the demand side—is a rational means of accomplishing that goal. This sentencing policy survives the modest requirements of rational-basis review.

McIntosh next challenges the district court's calculation of his offense level, namely that McIntosh possessed "at least 10 . . . but fewer than 150" images of child pornography, a finding that increased his offense level from 16 to 18. U.S.S.G. § 2G2.4(b)(5)(A) (2003). Yet, even if this argument were accepted, even if indeed this guideline were invalid (as McIntosh also argues), it would not alter his 120-month mandatory minimum sentence. We "will not address an alleged error in the offense level if the mandatory minimum penalty trumps the guideline range," *United States v. Washington*, 112 F. App'x 501, 505 (6th Cir. 2004), because the alleged error could not affect the sentence, *United States v. Barnes*, 49 F.3d 1144, 1150 (6th Cir. 1995).

McIntosh adds that the sentence was substantively unreasonable because the district court intimated that it would have preferred to, but did not, sentence him below the statutory minimum.

Yet "[w]hen a court and a mandatory minimum are in conflict, the minimum wins." *United States v. Cecil*, 615 F.3d 678, 695 (6th Cir. 2010).

That leaves one final argument: that statutory minimum sentences violate separation-of-powers principles because they remove judicial discretion in sentencing. But "the scope of judicial discretion with respect to a sentence is subject to congressional control," *Mistretta v. United States*, 488 U.S. 361, 364 (1989), and "Congress can constitutionally eliminate all discretion in sentencing judges by establishing mandatory sentences." *United States v. Dumas*, 934 F.2d 1387, 1389–90 (6th Cir. 1990). Congress had the power to enact this mandatory minimum sentence.

III.

For these reasons, we affirm.