**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5176**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT FINCH,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, Chief District Judge. (1:11-cr-00644-MBS-1)

Submitted: May 8, 2012          Decided: June 7, 2012

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed in part, vacated in part by unpublished per curiam opinion.

Katherine E. Evatt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Finch appeals the district court's imposition of a life term of supervised release following imprisonment, coupled with numerous special conditions, after he pled guilty to one count of failing to register as a sex offender, in violation of the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 (2006). Finch argues that the district court failed to explain the length and conditions of the selected term of supervision.[1] We conclude that the district court failed to adequately explain the length and conditions of supervision and that the sentence is thus procedurally unreasonable.

A term of supervised release is part of the sentence and is reviewed for reasonableness, both procedurally and substantively. Because Finch requested a lesser sentence than the one he received, review is for abuse of discretion. United States v. Hayes, 404 Fed. App'x 753, 756 (4th Cir. 2010). A district court must provide an individualized assessment of its selected sentence. United States v. Carter, 564 F.3d 325, 328

---

[1] Finch also contends that certain conditions were not warranted and that the district court improperly delegated its authority to the probation office. We conclude that the district court did not improperly delegate its authority. Because the sentence is procedurally unreasonable, we do not address Finch's substantive arguments.

(4th Cir. 2009).  Failure to do so constitutes procedural error. Id.

Here, although the district court was statutorily permitted to impose a term of supervised release up to life, the court failed to explain why it was denying Finch's specific request for a lesser term of supervision.  While the court announced its consideration of the appropriate sentencing factors, it did not articulate its application of those factors to Finch's case or explain why those factors necessitated a term of lifetime supervision.

Further, the district court failed to sufficiently explain the special conditions it imposed on the term of supervision.  Because "district courts have broad latitude to impose conditions on supervised release," this court reviews such conditions only for abuse of discretion.  United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009).  The district court may impose any condition that is reasonably related to the relevant statutory sentencing factors in 18 U.S.C. § 3553(a) (2006).  Armel, 585 F.3d at 186.  The sentencing court must ensure that the condition involves no greater deprivation of liberty than is reasonably necessary to afford adequate deterrence, protect the public, and provide the defendant with training, care, or treatment.  18 U.S.C. § 3583(d)(2); United States v. Dotson, 324 F.3d 256, 260-61 (4th Cir. 2003).  A

3

particular restriction does not require "an offense-specific nexus," United States v. Perazza-Mercado, 553 F.3d 65, 70 (1st Cir. 2009), but the court must explain its reasons for imposing the conditions. Armel, 585 F.3d at 186.

The district court did not provide an adequate basis for appellate review of its sentencing rationale in this instance. Critically, the court failed to articulate the necessity of the sex offender conditions, including sex offender treatment and severe limitations on Finch's use of computers. See Armel, 585 F.3d at 186 (because the district court did not provide an adequate explanation, the court could not "determine the reasonableness of the challenged special conditions" on appeal). We therefore conclude that the district court abused its discretion because it failed to explain its rationale for the conditions of supervision it imposed.

Accordingly, we conclude that the sentence of supervised release is procedurally unreasonable.[2] We therefore vacate the judgment as to the sentence of supervised release and remand for reconsideration. We affirm the remainder of the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[2] Finch does not challenge his conviction or the sentence of imprisonment.

before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART